JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
Erin Hess

### DEFENDANTS
Freedom Mortgage Corporation

**(b)** County of Residence of First Listed Plaintiff  Morgantown
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Mount Laurel
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Brendan D. Hennessy, Esquire
Hennessy Law
101 Lindenwood Drive, Suite 225
Malvern, PA 19355
(484) 875-3111

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☒ 230 Rent Lease & Ejectment | ☒ 442 Employment / ☐ 510 Motions to Vacate Sentence | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | ☐ 462 Naturalization Application | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment / ☐ 535 Death Penalty | ☐ 465 Other Immigration Actions | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other / **Other:** ☐ 540 Mandamus & Other | | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
Fair Labor Standards Act
Brief description of cause:
Unlawful wage practices, unpaid overtime

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $  Excess of $25,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE  11/04/22
SIGNATURE OF ATTORNEY OF RECORD  /s/

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __2570 Valley View Road Morgantown, PA 19543__

Address of Defendant: __907 Pleasant Valley Ave, Suite 3 Mount Laurel, NJ, 08054__

Place of Accident, Incident or Transaction: __Pennsylvania__

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [✓]

I certify that, to my knowledge, the within case [ ] is / [●] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __11/08/22__   __[signature]__   __91831__
   *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A. Federal Question Cases:**
1. Indemnity Contract, Marine Contract, and All Other Contracts
2. FELA
3. Jones Act-Personal Injury
4. Antitrust
5. Patent
6. Labor-Management Relations
7. [✓] Civil Rights
8. Habeas Corpus
9. Securities Act(s) Cases
10. Social Security Review Cases
11. All other Federal Question Cases
    *(Please specify):* _____

**B. Diversity Jurisdiction Cases:**
1. Insurance Contract and Other Contracts
2. Airplane Personal Injury
3. Assault, Defamation
4. Marine Personal Injury
5. Motor Vehicle Personal Injury
6. Other Personal Injury *(Please specify):* _____
7. Products Liability
8. Products Liability – Asbestos
9. All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Brendan Hennessy__, counsel of record or pro se plaintiff, do hereby certify:

[ ] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

[ ] Relief other than monetary damages is sought.

DATE: __11/08/22__   __[signature]__   __91831__
   *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Erin Hess, | : | CIVIL ACTION NO.: |
| *Plaintiff*, | : | |
| vs. | : | |
| | : | **JURY TRIAL DEMANDED** |
| Freedom Mortgage Corporation | : | |
| *Defendants.* | : | |

**COMPLAINT**

I.  **PRELIMINARY STATEMENT**

1. This is an action for an award of damages, declaratory and injunctive relief, liquidated damages, attorney's fees, and other relief on behalf of Plaintiff, Erin Hess ("Plaintiff"), a former employee of Defendant, Freedom Mortgage Corporation ("Defendant" or "Freedom Mortgage"), who has been harmed by Defendants' unlawful wage payment practices and unlawful retaliation.

2. On April 7, 2022, Defendant's Human Resources Department ("HR") informed Plaintiff that the company had conducted an audit and found that Plaintiff had worked five hundred and fifty (550) hours of "overtime," between March 2021 and March 2022, and that Freedom Mortgage had "owed her for those hours of overtime worked." After three (3) conversations with Plaintiff in April 2022, repeatedly advising Plaintiff she was owed compensation for the five hundred and fifty (550) overtime hours worked, Freedom Mortgage HR ceased to respond to Plaintiff and has not paid Plaintiff for the five hundred and fifty (550) hours worked, as promised. Despite efforts to engage Defendant pre-filing this Complaint,

Defendant has not paid the amounts owed, giving rise to this action for the wages and other damages incurred.

3. This action to recover, *inter alia*, unpaid overtime wages, back pay, costs, liquidated damages, and attorney's fees is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the ("FLSA"), the Pennsylvania Minimum Wage Act, 43 P.S. §333.101, *et. seq.* the ("PMWA") and the Pennsylvania Wage Payment and Collection Law, 43 P.S. §§ 260.1, *et seq.* the ("PWPCL") and Pennsylvania common law.

## II. JURISDICTION AND VENUE

4. The original jurisdiction of this Court is invoked, and venue is proper in this district, pursuant to 28 U.S.C. § 1331 and § 1391 as Plaintiff's claims are substantively based on the FSLA.

5. The supplemental jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. § 1367, to consider the Plaintiff's claims arising under the PMWA and the PWPCL.

6. Venue is proper in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391 as Defendant operates in the district, Plaintiff worked for Defendant in the district, and the events and/or omissions giving rise to the instant action occurred in the district.

## III. PARTIES

7. Plaintiff is a female adult individual and citizen of Pennsylvania, residing in Morgantown, Berks County, Pennsylvania.

8. Upon information and belief, Defendant is a New Jersey corporation with its headquarters located at 907 Pleasant Valley Ave, Suite 3 Mount Laurel, NJ, 08054. Defendant is a home mortgage lender.

9. At all times material and relevant hereto, Defendant acted by and through its agents, employees, and/or servants who acted within the scope of their authority, course of employment, and under the direct control of the Defendant.

10. At all times material and relevant hereto, Defendant acted as an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

11. At all times material and relevant hereto, Defendant served as an "employer" within the meaning of the PMWA, 43 P.S. §333.103(g).

12. At all times material and relevant hereto, Defendant acted as an "employer" within the meaning of the PWPCL, 43 Pa. Stat. Ann. § 260.2(a).

## IV.   STATEMENT OF FACTS

13. Plaintiff began employment with Freedom Mortgage in December of 2019, as Freedom Mortgage had acquired her existing employer, J.G Wentworth Home Lending. Plaintiff's responsibilities as a customer advocate with Freedom Mortgage involved processing mortgage loans and interacting with customers.

14. In October of 2021, Defendant involuntarily transferred Plaintiff from the "Home Purchase Loan" department to the "Va Cash-Out Refinance Department" ("Refinance Department"). Initially, Defendant assigned Plaintiff a pipeline of processing 40-50 loans, a difficult, yet, surmountable workload with occasional overtime being allowed.

15. Indeed, overtime pay had been permitted/allocated for a brief period of time in December 2021. Defendant then informed employees that they could not take overtime in January 2022 despite increasing the amount of work. By way of example, loan processors as of January of 2022 would have to process up to 60 loans which often proved impossible within a forty (40) hour workweek given the varied requirements for processing mortgage loans and

unique issues which may arise. Additional tasks were often mandated on top of the 60-loan pipeline workload, including, but not limited to, conference calls, often scheduled at random (with no advanced notice), taking up to an hour. Training modules and exams were also mandated (on top of the existing workloads) which took additional time to complete. Management further continued to implement more metrics, requiring additional reports to be completed, and a minimum number of outbound calls to be completed daily. Management routinely threatened disciplinary action if all of the above tasks were not completed daily.

16. Customers often became unruly and impatient if their calls were not returned immediately. Plaintiff received many calls/emails from customers after hours, to which she felt obligated to respond timely to in an environment where customers are highly likely to escalate. Plaintiff managed many loans on the West Coast, and had received several calls/emails from customers after hours, to which she felt obligated to respond.

17. Out of all of the departments in which Plaintiff had worked at Freedom Mortgage, the Refinance Department was by far the most labor-intensive, incorporating unrealistic demands and metrics on employees. Management was seldom available for support and to answer questions, which yielded further time researching/resolving problems on Plaintiff's own. Plaintiff's job was also dependent upon other internal Departments, which were often delinquent and failed to deliver results, costing the Plaintiff additional time on top of her core job responsibilities.

18. Management assigned extra tasks and trainings late in the workday. Plaintiff was expected to complete these extra tasks immediately. These extra tasks required Plaintiff to work beyond the eight (8) hour workday.

19. Plaintiff advised her immediate supervisor, Alicia Vautier ("Vautier"), multiple times throughout the duration of her time in the Refinance Department that the workload demands had exceeded a forty (40) hour workweek. Vautier failed to address these concerns.

20. Plaintiff had notified management several times over the course of five months (leading up to her unpaid suspension in March of 2022) of the excessive workload, along with other teammates voicing similar concerns. Management, however, failed to address the concerns and continued to make unrealistic demands.

21. After months of dealing with excessive workload demands, in or around December of 2021, Plaintiff sought medical treatment. Her doctor recommended that her workload be reduced accordingly. In January of 2022, Plaintiff continued to seek to reduce her workload but management refused to do so.

22. In February of 2022, Plaintiff notified her manager, Alicia Vautier, via the MS Teams IM platform, that her workload had exceeded her eight (8) hour work day. Ms. Vautier responded that she had no control over workload assignments and that she had communicated Plaintiff's concerns to upper management. Management failed to respond further, and Plaintiff's timecard was not adjusted to reflect her work performed in excess of an eight (8) hour workday.

23. The Refinance Department Team had daily Team calls, on which many of those calls, the Plaintiff's teammates/colleagues had also complained of the excessive, unrealistic workload demands forced upon them. On one particular Team conference call in February 2022, the departmental Vice President, Courtney Cosenza ("Cosenza"), participated in the call, and heard the overwhelming concerns/comments made by the team regarding the excessive workload demands, and did not address or rectify the complaints made. Instead, Cosenza forced all customer advocate team members on the call to verbally agree to meet the metrics (excessive

demands) put forth by management, and cited that disciplinary action would occur if these demands (by management) were not met.

24. Plaintiff's health had continued to deteriorate since the Physician visit in December 2021, and the Plaintiff had pleaded with Management numerous times to lessen her workload (including offering to take a pay cut) and ultimately submitted a Physician's letter to the HR Leave Team in February 2022, since Management had declined to accommodate her request (and the Physician's directive). At the time, the HR Leave Team had acknowledged receipt of the Physician's letter, but had not reviewed that request.

25. Plaintiff further notified Management of her submission of the Physician's note to the HR Leave Team, and had advised that their review had not yet occurred.

26. Carol Valentin ("Valentine") Senior Human Resources Business Partner, and Courtney Cosenza ("Cosenza") unexpectedly conducted a Zoom call with Plaintiff on March 28, 2022 to advise that the Plaintiff was thereby suspended without pay pending an internal investigation into Plaintiff having worked additional hours "off the clock."

27. In early April 2022, Arthur Johnson ("Johnson") Employee Relations Manager, and Valentin participated in 3-4 conference calls as per the Plaintiff's request, to discuss the unpaid Suspension. Johnson had initially advised that the internal investigation was pending, and that he would notify the Plaintiff of the outcome, with no specified end-date.

28. In early April 2022, Plaintiff advised Johnson that she had felt forced to meet unrealistic workload demands mandated upon her (in relation to which she had voiced concerns to Management many times without resolution), and that her only option was to work said hours or be terminated for failing to meet such demands.

29. In early April, 2022, on one of the calls with Johnson and Valentin, Plaintiff had advised that she knew of several colleagues who admitted to her that they worked "off the clock" to meet the unrealistic demands enforced by Management as discussed above. Johnson agreed to investigate those colleagues but it is believed that he never followed through on this promise.

30. In early April 2022, Johnson asked Plaintiff if she kept a log of any hours worked "off the clock." Plaintiff advised that she had not as Plaintiff did not have time to track such hours due to relentless excessive workload infringing upon her life and impacting her health.

31. In early April 2022, Johnson advised Plaintiff that Defendant's Information Technology ("IT") audit determined that she had worked five hundred and fifty (550) hours of unpaid overtime from March 2021 through March 2022. Johnson advised Plaintiff, Freedom Mortgage owed Plaintiff for those five hundred and fifty (550) hours of overtime.

32. In April 2022, Johnson admitted to Plaintiff that the HR Leave Team had never reviewed the Physician note Plaintiff had submitted in February.

33. In mid-April, 2022, Johnson and Defendant stopped regular communication with Plaintiff and Defendant never advised Plaintiff as to the outcome of its investigation. Johnson also failed to follow through on providing the compensation for overtime wages worked as promised.

34. On or around May 13, 2022, Plaintiff felt compelled to resign from Freedom Mortgage after a month and a half of unpaid suspension and a lack of further communication from Defendant. At the time of her resignation, Plaintiff made $33.50 per hour.

35. During the course of her employment at Freedom Mortgage, Plaintiff received positive reviews from management. Plaintiff received regular increases in her compensation based on merit and performance.

36. Plaintiff was not paid for the overtime hours she worked and her wages earned including the 550 hours between March 2021 and March 2022. Defendant acknowledged her right to be paid such wages but then failed to make such payment.

37. Defendant has discriminated and retaliated against Plaintiff for exercising her rights under the FLSA by suspending her indefinitely, failing to contact or respond to her thereafter, and constructively discharging her directly in relation to her being forced to work overtime without overtime pay and/or because Defendant was required to pay her the applicable overtime (which Defendant has, to date, failed to do).

## Count I
### Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*,
### *Hess v. Freedom Mortgage Corporation*
### *Failure to Pay Overtime, Discrimination, and Retaliation*

38. Plaintiff hereby incorporates by reference the foregoing paragraphs of her Complaint as though fully set forth herein.

39. At all times material and relevant hereto, Defendant acted as an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

40. Plaintiff worked as a non-exempt employee.

41. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees at a rate of one and one-half times the regular rate of pay for all hours worked over forty (40) hours within the workweek.

42. Plaintiff regularly worked more than forty (40) hours in the workweek.

43. Plaintiff was never paid the aforementioned overtime compensation that she earned and was promised.

44. Defendant's actions, policies, and practices violate the FLSA overtime payment requirements.

45. Plaintiff filed multiple verbal complaints about Defendant's management's failure to allow for overtime yet overworking her and other employees. Said activity constitutes conduct protected by the Fair Labor Standard Act, 29 U.S.C. § 215(a)(3).

46. Defendant retaliated against Plaintiff for seeking redress of Defendant's unlawful practices under the FLSA by suspending her employment indefinitely and constructively terminating her.

47. Defendant's conduct, as alleged, constitutes a willful violation of the FLSA under 29 U.S.C. § 255(a). Defendant knew or showed reckless disregard for the fact that its compensation practices were unlawful.

48. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered a loss of income and other damages.

49. Plaintiff is entitled to liquidated damages under 29 U.S.C. §260 as well as attorney's fees and costs incurred in connection with the instant action.

### Count II
### Pennsylvania Minimum Wage Act, 43 P.S. §333.101, *et. Seq.*,
### *Hess v. Freedom Mortgage Corporation*
### *Failure to Pay Overtime and Retaliation*

50. Plaintiff hereby incorporates by reference the foregoing paragraphs of her Complaint as though fully set forth herein.

51. At all times material and relevant hereto, Plaintiff was an employee within the meaning of the PMWA, 43 P.S. § 333.104(c).

52. At all times material and relevant hereto, Defendant was and is an employer within the meaning of the PMWA 43 P.S. § 333.103(g).

53. The PMWA, 44 P.S. § 333.104(c), requires employers to compensate employees for overtime hours worked in excess of forty (40) hours worked in a workweek at a rate of one and one-half times the employee's regular rate of pay.

54. Plaintiff regularly worked more than forty (40) hours in the workweek.

55. Plaintiff was never paid the aforementioned overtime compensation that she earned and was promised.

56. Defendant's actions, policies, and practices violate the PMWA overtime payment requirements.

57. Defendant's conduct, as alleged, constitutes a violation of the PMWA.

58. Plaintiff further engaged in protected activity by seeking redress under the PMWA and Defendant retaliated against her by suspending and constructively discharging her.

59. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered a loss of income and other damages.

60. Plaintiff seeks damages in the amount of all underpayments based on Defendant's failure to pay overtimes wages pursuant to the PMWA and all other such legal and equitable relief from Defendant's unlawful conduct as the Court deems just and proper. Plaintiff also seeks recovery of all attorney's fees, costs, liquidated damages, pre-judgement interest, and expenses related to the instant action that are available to her under the PMWA.

## COUNT III
**Pennsylvania Wage Payment and Collection Law, 43 P.S. §§ 260.1, et seq.**
***Hess v. Freedom Mortgage Corporation***
***Failure to Pay Wages***

61. Plaintiff hereby incorporates by reference the foregoing paragraphs of her Complaint as though fully set forth herein.

62. At all times material and relevant hereto, Defendant was and is an employer the within the meaning of the PWPCL, 43 Pa. Stat. Ann. § 260.2(a).

63. The PWPCL dictates that every employer shall pay all wages due to his employees on regular paydays designated in advance by the employer.

64. The PWPCL further dictates that overtime wages may be considered as wages earned and payable in the next succeeding pay period.

65. Plaintiff regularly worked more than forty (40) hours in the workweek.

66. Defendant acknowledged that Plaintiff was owed five hundred fifty (550) hours of overtime and yet failed to pay her for the same in accordance with the PWPCL.

67. The PWPCL dictates that whenever an employer separates an employee from the payroll, the wages or compensation earned shall become due and payable not later than the next regular payday of his employer on which such wages would otherwise be due and payable.

68. By Defendant's failure to pay Plaintiff overtime wages in the succeeding pay period after separating Plaintiff from payroll, Defendant willfully violated the PWPCL.

69. Due to Defendant's violations of the PWPCL, Plaintiff seeks his unpaid overtime wages during his entire period of employment, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest under 43 Pa Stat Ann §§ 260.9a(b), 260.10.

## COUNT IV
### Unjust Enrichment
*Hess v. Freedom Mortgage Corporation*

70. Plaintiff hereby incorporates by reference the foregoing paragraphs of her Complaint as though fully set forth herein.

71. Defendant has been unjustly enriched by failing to pay what it has acknowledged as statutory overtime owed to Plaintiff. "When a person receives a benefit from another, and it would be unconscionable for the recipient to retain that benefit, the doctrine of unjust enrichment requires the recipient to make restitution." *Myers-Macomber Engineers v. M.L.W. Construction Corp.*, 271 Pa.Super. 484, 414 A.2d 357 (1979).

72. Defendant received a benefit when Plaintiff worked five hundred and fifty (550) hours of unpaid overtime.

73. Defendant voluntarily and knowingly accepted this benefit.

74. Defendant was unjustly enriched by Plaintiff working overtime hours.

75. Allowing Defendant to benefit from Plaintiff's overtime without compensation is unjust and unconscionable.

76. Due to Defendant's actions, Plaintiff has suffered damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this Court enter judgment in his favor against the Defendant, and order that:

a. Defendant compensates Plaintiff in the amount of Plaintiff's unpaid wages at applicable overtime rates (all Counts);

b. Defendant institutes and carries out policies, practices, and programs that eradicate the effects of its past and present unlawful wage payment practices (all Counts);

c. Defendant pays Plaintiff back pay, front pay and for any other emoluments of employment lost as a result of Defendant's retaliatory practices.

d. Defendant compensates Plaintiff for the amounts it has unjustly withheld from her despite acknowledging that it should pay her the same.

e. Defendant pays Plaintiff punitive damages, liquidated damages, pre- and post-judgment interests, costs of suit, and attorney fees as allowed by law (all Counts); and

f. The Court awards other such relief as is deemed just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

**HENNESSY LAW**

_____
BRENDAN D. HENNESSY, ESQUIRE
I.D. NO.: 91831
Hennessy Law
101 Lindenwood Drive, Suite 225
Malvern, PA 19355
Phone: 484-875-3111
Fax:  484-713-5185
Bhennessy@Hennessylawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Erin Hess, | CIVIL ACTION NO.: |
| *Plaintiff,* | |
| vs. | JURY TRIAL DEMANDED |
| Freedom Mortgage Corporation | |
| *Defendants.* | |

## VERIFICATION

I, Erin Hess, hereby verify that the averments in the attached Complaint are true and correct to my personal information and belief.

_____
ID yHwr5r2iB5RQez67XFbY5mGr

_____
Erin Hess